UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY S. PETILLO,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>BRIAN DUFFY,<br><br>　　　　Respondent. | NO. CV 15-765-DDP (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　　The court, therefore, orders Petitioner to show cause, on or before **March 9, 2015**, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## SUMMARY OF PROCEEDINGS

In 1986 Petitioner plead guilty to second degree murder and was sentenced to 15 years to life. (Petition at 2.)

On September 23, 2010, the Parole Board denied Petitioner parole. (Petition, Attached Hearing transcript at 1 & Decision at 9.)

On June 18, 2012, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on June 27, 2012. California Appellate Courts Case Information online docket in Case No. B241915. On June 20, 2013, Petitioner filed a habeas petition in the California Supreme Court, which was denied on August 21, 2013. (Petition, Attached.)

On January 27, 2015, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this court. (Petition, back of envelope.) He raises three grounds. (*Id.* at 5-6.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA has a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitation period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or a date set in § 2244(d)(1)(B)-(D). The only relevant provision here is subdivision (d)(1)(D).

### A. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

Section 2244's "one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision

rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004); *see also Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (the statute starts to run when the Parole Board denies an inmate's administrative appeal); *Mardesich v. Cate*, 668 F.3d 1164, 1171-72 (9th Cir. 2012) (same).

All three grounds in the petition involve challenges to the Parole Board's decision. (Petition at 5-6.)

The Parole Board's September 23, 2010 decision became final on January 21, 2011, 120 days after the hearing and decision. (Petition, Attached Parole Board Decision at 10); *see also* 15 Cal. Code Regs § 2041(h). Barring tolling, the statute of limitations expired on January 21, 2012.

### B. Statutory Tolling

Petitioner is not entitled to statutory tolling because his first habeas petition was not filed until June 18, 2012 in the California Court of Appeal (California Appellate Courts Case Information online docket in Case No. B241915), after the statute of limitations had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### C. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this

3

Case 2:15-cv-00765-DDP-AGR Document 4 Filed 02/09/15 Page 4 of 4 Page ID #:223

reason only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

## III.

## RECOMMENDATION

IT IS THEREFORE ORDERED that, on or before **March 9, 2015**, Petitioner shall show cause why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to respond to this order to show cause by March 9, 2015, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: February 9, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge