UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODNEY S. PETILLO, | ) | NO. CV 15-765-DDP (AGR) |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| BRIAN DUFFY, | ) | |
| Respondent. | ) | |

Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 parole denial. For the reasons discussed below, it appears that Petitioner's claims are not cognizable on federal habeas review.

The court therefore orders Petitioner to show cause on or before **April 9, 2015** why the court should not recommend dismissal of the petition.

## I.
## SUMMARY OF PROCEEDINGS

In 1986 Petitioner pled guilty to second degree murder and was sentenced to 15 years to life. (Petition at 2.)

On September 23, 2010, the Parole Board denied Petitioner parole. (Petition, Attached Hearing transcript at 1 & Decision at 9.)

On June 18, 2012, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on June 27, 2012. California Appellate Courts Case Information online docket in Case No. B241915. On June 20, 2013, Petitioner filed a habeas petition in the California Supreme Court, which was denied on August 21, 2013. (Petition, Attached.)

On February 3, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this court. He raises three grounds. (*Id.* at 5-6.)

## II.
## STANDARD OF REVIEW

A federal court may not grant a petition for writ of habeas corpus by a person in state custody with respect to any claim that was adjudicated on the merits in state court unless it (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011).

"'[C]learly established Federal law' . . . is the governing legal principle or principles set forth by the Supreme Court at the time the state court rendered its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). A state court's decision is "contrary to" clearly established Federal law if (1) it applies a rule that contradicts governing Supreme Court law;

or (2) it "confronts a set of facts . . . materially indistinguishable" from a decision of the Supreme Court but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). A state court's decision cannot be contrary to clearly established Federal law if there is a "lack of holdings from" the Supreme Court on a particular issue. *Carey v. Musladin*, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).

Under the "unreasonable application prong" of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." *Lockyer*, 538 U.S. at 76; *see also Woodford v. Visciotti*, 537 U.S. 19, 24-26, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts).

"In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). "The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citation omitted); *see also Clark v. Murphy*, 331 F.3d 1062, 1068 (9th Cir. 2003).

"Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this [Supreme] Court." *Richter*, 131 S. Ct. at 786. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

3

comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

In applying these standards, this court looks to the last reasoned State court decision. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006). To the extent no such reasoned opinion exists, as when a state court rejected a claim without explanation, this court must conduct an independent review to determine whether the decisions were contrary to, or involved an unreasonable application of, "clearly established" Supreme Court precedent. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). If the state court declined to decide a federal constitutional claim on the merits, this court must consider that claim under a *de novo* standard of review rather than the more deferential "independent review" of unexplained decisions on the merits authorized by *Delgado*. *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) (standard of *de novo* review applicable to claim state court did not reach on the merits).

### III.
### DISCUSSION

**A.     GROUND ONE: Due Process Violation**

The Ninth Circuit's holding that California law creates a liberty interest in parole "is a reasonable application of our cases." *Swarthout v. Cooke*, 862 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011). "When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the applications of those constitutionally required

4

procedures." *Id.* at 220. "In the context of parole, . . . a prisoner . . . receive[s] adequate process when he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." *Id.*; *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

In Petitioner's case, he received "at least [the required] amount of process." *See Cooke*, 131 S. Ct. at 862. He was represented at the hearing. (Petition, Attached Hearing Transcript at 3.) Petitioner stated he had no questions about his rights. (*Id.* at 8.) Petitioner spoke throughout the hearing (*see, e.g., id.* at 51-53) and made a lengthy statement toward the end of the hearing (*id.* at 85-90.). The Board recited its reasons for denying parole. (Petition, Attached Decision at 1-9.)

Petitioner's arguments that the Board failed to demonstrate that he posed a risk of danger to the community (*see, e.g.,* Petition at 5) is effectively based on the "some evidence" standard, which was foreclosed by *Cooke*. 562 U.S. at 221 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied."); *see also Lopez v. Valenzuela*, 2014 WL 994927, *6 (C.D. Cal. March 13, 2014) ("Whatever label he uses, it is clear that . . . Petitioner is attacking the sufficiency of the evidence supporting the Board Decision and the correctness of the Board's conclusion that he presents a current threat to public safety."). Federal habeas review is not available for errors of state law. *Cooke*, 562 U.S. at 222 ("[W]e have long recognized that a mere error of state law is not a denial of due process.") (citations and quotation marks omitted).

**B.     GROUND TWO: Ex Post Facto Violation**

Petitioner contends that California Proposition 9, also known as Marsy's Law, was a violation of the Ex Post Facto Clause. (Petition at 5.)

Marsy's Law was enacted by the California voters in 2008. *In re Vicks*, 56 Cal. 4th 274, 278 (2013). The law amended Cal. Penal Code § 3041.5 by

5

"increas[ing] the period of time between parole hearings but allow[ing] for the advancement of a hearing if a change in circumstances or new information subsequently establishes that there is a reasonable probability the prisoner is suitable for parole." *Id.* Prior to the law, the periods between parole hearings varied but were generally shorter. *Id.* at 283-84. *Vicks* held that the law did not violate the ex post facto clauses of the United States or California Constitution. *Id.* at 278.

### 1. Ex Post Facto Violation

"The States are prohibited from enacting an *ex post facto* law." *Garner v. Jones*, 529 U.S. 244, 249, 120 S. Ct. 1362, 146 L. Ed. 2d 236 (2000). "One function of the *Ex Post Facto* Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Id.* Although retroactive changes in laws governing parole of inmates may violate the Ex Post Facto Clause, "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." *Id.* at 250. A retroactive procedural change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an inmate's] incarceration." *Id.* at 251. A "speculative" or "attenuated" risk is insufficient to establish a violation. *California Dept. of Corr. v. Morales*, 514 U.S. 499, 509, 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995).

Applying these standards to Petitioner, he cannot succeed on his claim unless (1) Proposition 9, on its face, created a significant risk of increasing the punishment of California life-term inmates, or (2) Petitioner can "demonstrate, by evidence drawn from [Proposition 9's] practical implementation ..., that its retroactive application will result in a longer period of incarceration than under the [prior law]." *See Garner*, 529 U.S. at 255.

In *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1103 (9th Cir. 2011), California state prisoners serving a life term with the possibility of parole brought

a civil rights class action and alleged that Proposition 9 violated the Ex Post Facto Clause.[1] The district court granted a preliminary injunction, finding that the plaintiffs were likely to succeed on the merits, but the Ninth Circuit reversed. *Id.* The Ninth Circuit found that Proposition 9 "appear[s] to create a significant risk of prolonging Plaintiffs' incarceration." *Id.* at 1108 (citation, brackets, and quotation marks omitted). At the same time, the court found that the availability of advanced hearings "would remove any possibility of harm to prisoners because they would not be required to wait a minimum of three years for a hearing." *Id.* at 1109 (citation and quotation marks omitted). Reversing the injunction, the court found that the plaintiffs were not "likely to succeed on the merits of their *ex post facto* claim." *Id.* at 1111.

On February 28, 2014, the *Gilman* district court found an ex post facto violation. *Gilman v. Brown*, Case No. S 05-830 LKK CKD, Dkt. No. 532. On August 12, 2014, the Ninth Circuit granted a motion to stay the district court's order. *Gilman v. Brown*, Case No. 14-15680, Dkt. No. 26.

### 2. *Gilman* Class action

"One of the claims presented by the plaintiffs in the class action *Gilman* case is that the amendments to [Cal. Penal Code] § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because 'when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime.'" *Bagdasaryan v. Swarthout*, 2012 WL 6203113, *8 (E.D. Cal. Dec. 8, 2012) ) (citing *Gilman v. Governor* (E.D. Cal. CV-05-830) Dkt. No. 154-1 at 13). "[T]he class in *Gilman* is comprised of 'all California state prisoners who have been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008'", *Bagdasaryan*, 2012 WL 6203113 at *8 (quoting

---

[1] The court discusses the *Gilman* class action in greater detail below.

*Gilman* Dkt. No. 340), were eligible for parole, and have been denied parole. *See Johnson v. Hartley*, 2013 WL 440990, *4 (E.D. Cal. Feb. 5, 2013) (describing *Gilman* class).

In March 2009, the Eastern District certified the class. *See Gilman v. Brown*, 2013 WL 1904424, *1 and n.3 (E.D. Cal. May 7, 2013) (citing E.D. Cal. CV 05-830 Dkt. No. 182).

In April 2011, the plaintiffs sought leave to amend the definition of the class. The court granted the motion and modified the class definitions as follows:

> As to Claim 8 (ex post facto challenge to Proposition 9 deferral provisions), the class is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008."

E.D. Cal. CV 05-830 Dkt. No. 340 at 2 ¶¶ 1-3, cited by *Gilman*, 2013 WL 1904424 at *1 n.3.

The trial court subsequently addressed the definition of the certified class. "The first certified class of plaintiffs were sentenced to life terms for offenses that occurred before November 4, 2008. On that date, Proposition 9 [Marsy's Law] increased the interval between parole hearings available to these prisoners from a default period of one year (with a maximum of two, three, or five years), to a default period of fifteen years (with a minimum of three years)." *Gilman*, 2013 WL 1904424 at *1. The court explained that "[t]he class[] [was] certified pursuant to Fed. R. Civ. P. 23(b)(2), which permits class members to 'opt out' at the discretion of the court." *Id.* at *1 n.1 (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 n.6 (9th Cir. 1998)).

Petitioner satisfies the definition for class membership in a Fed. R. Civ. P. 23(b)(2) opt-out class. Petitioner is a member of *Gilman*'s certified class as he is (1) a California state prisoner (2) sentenced to a term of life in prison with the possibility of parole and (3) sentenced before the November 8, 2008 effective

date of Proposition 9. Because Petitioner does not allege he has opted out of that class or seeks relief different and beyond that sought by the class, he is bound by the terms of the orders certifying and defining the class. Those orders expressly prohibit class members from bringing individual lawsuits challenging Marsy's Law as violative of the Federal Constitution's Ex Post Facto Clause. *See Sims v. Swarthout*, 2012 WL 5381408, *7 (C.D. Cal. July 30, 2012) ("Petitioner has not alleged or presented any evidence indicating that he requested permission from the *Gilman* court to opt out of the action."), *adopted by* 2012 WL 5381401 (C.D. Cal. Oct. 31, 2012).

Ground Two violates general class principles and the Eastern District's court orders certifying and defining the class. "According to the district court in *Gilman*, the members of the class 'may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.'" *Bagdasaryan*, 2012 WL 6203113 at *8 (quoting *Gilman v. Governor* (E.D. Cal.) Dkt. No. 296 (Dec. 10, 2010 Order) at 2, and citing *Gilman* Dkt. Nos. 274, 276, and 278 (Sept. 23, 2010 and Sept. 28, 2010 and Oct. 1, 2010 Orders)).

The preclusive effect of the pending class action does not turn on the presentation of proof that Petitioner actually received notice of class certification. "The preclusive effect of a class action depends upon the adequacy of the entire notice scheme and not upon a determination of whether [a] member of the class to be precluded actually received notice." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 861 n.4 (9th Cir. 2000).

"In light of the ongoing *Gilman* action, the Court recommends that petitioner's ex post facto challenge to Marsy's law [must] be dismissed without prejudice." *Sims*, 2012 WL 5381408 at *7; *cf. Griffin v. Gomez*, No. 95-16684, 139 F.3d 905, 1998 WL 81336, *1 (9th Cir. Feb. 24, 1998) ("[T]he district court held that . . . as a member of the then-pending Madrid class action, Griffin was precluded from challenging on due process grounds the gang-member

9

segregation and debriefing policies."). "Individual members of the class, like [petitioner], 'may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney . . . or by intervention in the class action.'" *Diaz v. Diaz*, 2012 WL 5949094, *6 (E.D. Cal. Nov. 28, 2012) (quoting *Webb v. Schwarzenegger*, 2012 WL 163012 (N.D. Cal. Jan. 19, 2012)).

C. **GROUND THREE: Cruel and Unusual Punishment**

Petitioner alleges that his many denials of parole violated the Eighth Amendment prohibition against cruel and unusual punishment.

"[C]ourts in this Circuit have rejected attempts to attack unsuitability findings pursuant to the Eighth Amendment." *Lopez*, 2014 WL 994927 at *6 (collecting cases). "The Court is unaware of any Supreme Court or Ninth Circuit decision finding that the denial of parole and continued confinement of a prisoner pursuant to an indeterminate life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Id.*

IV.

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before **April 9, 2015**, Petitioner shall show cause why the court should not recommend dismissal of the petition.

**Petitioner is also advised that if he fails to respond to this order to show cause by April 9, 2015, the court will recommend that the petition be dismissed.**

DATED: March 9, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

10